**In the United States District Court**
**For the Central District of Illinois**
**Springfield Division**

| | |
|---|---|
| ANGELIQUE SNOWDEN, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| ILLINOIS DEPARTMENT OF HUMAN ) | |
| SERVICES, and RONALD KORZA, ) | |
| ) | |
| Defendants. ) | **Jury Trial Demanded** |

**Complaint**

Now Comes the Plaintiff, ANGELIQUE SNOWDEN ("Snowden"), by and through her undersigned counsel, John A. Baker, and in support of her complaint against the Defendants, ILLINOIS DEPARTMENT OF HUMAN SERVICES ("DHS") and RONALD KORZA ("Korza"), states as follows:

**I.  Jurisdiction and Venue**

1. Snowden alleges that the DHS violated her rights under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ( the "FMLA").  This is a federal statute vesting jurisdiction in this Court under 28 U.S.C. § 1331.

2. Snowden maintains that Korza violated her rights under the due process clause of the Fourteenth Amendment.  This claim is brought under 42 U.S.C. § 1983. This creates a federal question which vest this Court with jurisdiction under 28 U.S.C. § 1331.

2. Snowden, at the times the incidents giving rise to this litigation occurred, was employed by the DHS in its Bureau of Disability Determination Services in Springfield, Illinois.

DHS and Korza both engage in business in Sangamon County, Illinois. Given that the incidents giving rise to this litigation occurred in Sangamon County, Illinois, venue is appropriate in this Court.

## II.  Nature of this lawsuit

3.   Snowden maintains this lawsuit against the DHS by alleging that her rights under the FMLA have been violated.  The United States Department of Labor has explained:

> The FMLA was predicated on two fundamental concerns—the needs of the American workforce, and the development of high-performance organizations. Increasingly, America's children and elderly are dependent upon family members who must spend long hours at work. When a family emergency arises, requiring workers to attend to seriously-ill children or parents, or to newly-born or adopted infants, or even to their own serious illness, workers need reassurance that they will not be asked to choose between continuing their employment, and meeting their personal and family obligations or tending to vital needs at home. 29 CFR § 825.101(b).

4.   The FMLA is both prescriptive, in that it imposes certain affirmative obligations on employers, and it is restrictive, in that it precludes employers from retaliating against individuals who engage in activities that are protected under the FMLA.

5.   In enacting the FMLA Congress ordered the Secretary of Labor to develop regulations "necessary to carry out" its terms.  29 U.S.C. § 2654.

6.   It is unlawful for any employer to interfere with an employee's exercise of rights under the FMLA or the attempt to exercise those rights.  29 U.S.C. § 2615(a)(1); 29 CFR § 825.220(a).

7.   Any violation of the FMLA or of the regulations promulgated by the Secretary "constitute interfering with, restraining, or denying the exercise of rights provided by the [FMLA]." 29 CFR § 825.220(b); *see also* 29 U.S.C. §2615(a)(1).

8. Snowden also contends that Korza violated her rights to due process when he made a disciplinary decision to terminate her employment before she had been provided with any meaningful opportunity to be heard.

### III. Parties

9. Snowden is an adult resident of the State of Illinois. She was previously employed by the DHS as a Disability Claims Adjudicator II. Her employment with the DHS was involuntarily terminated on September 6, 2017.

10. The DHS is a large state agency that employs in excess of 1,000 people, including more than 50 individuals in Sangamon County, Illinois.

11. Korza, at the times relevant to his involvement in this complaint, was employed by the DHS as the Deputy Director of the Bureau of Disability Determination Services. He is named in this proceeding in his individual capacity and, for the limited purpose of implementing equitable relief, in his official capacity.

12. The DHS is an "employer" as that term is defined by the FMLA.

### Count I
*FMLA Interference and Retaliation as to the DHS*

13. Snowden began working for the State of Illinois on October 31, 2006, and began working as a Claims Adjudicator on September 21, 2009, until her termination on September 6, 2017.

14. Snowden's performance evaluations were positive and, on her final evaluation, her supervisor indicated that she met or exceeded all expectations and that she was an "asset" to "the entire DDS."

15. During the time that she was employed by the State of Illinois she worked full-

time and worked in excess of 1,250 hours per year for each year from 2007 through 2017.

16. In May of 2016 Snowden advised representatives of the DHS that she was pregnant and that she would need to take a leave of absence after her baby was born. She further notified them that the baby was due in October.

17. Snowden delivered her baby on October 3, 2016.

18. Snowden requested and was approved a leave of absence that was protected under the FMLA. That leave of absence lasted from October 3, 2016, through her return date on November 28, 2016.

19. Prior to Snowden going on a leave of absence the DHS posted a notice indicating that it would be accepting applications for four vacant Public Service Administrator ("PSA") positions. Those positions would serve as a supervisor over Disability Claims Adjudicators.

20. Snowden applied for the vacant positions.

21. The interviews for the PSA positions were scheduled for October 7, 2016, while Snowden was on a FMLA leave. Snowden interviewed while on leave.

22. The hiring decisions on the vacant FMLA positions were made on approximately October 15, 2016, and Snowden was not offered one of those vacant positions.

23. Snowden was more qualified and a superior candidate compared to the individuals who were hired for those PSA positions.

24. Had Snowden not taken FMLA leave she would have been given one of the PSA positions she sought.

25. The DHS used the fact that Snowden was on a FMLA leave not to give her one of the vacant PSA positions.

26. On June 21, 2017, Korza made the decision that he wanted to terminate

1  Snowden's employment.  His justifications for doing so, i.e. that she had falsified documentation,
2  were not true.
3       27.    On August 8, 2017, Snowden was placed on a suspension pending discharge
4  with the DHS.
5       28.    Snowden's employment with the DHS was officially terminated on September 6,
6  2017.
7       29.    Snowden would not have been terminated from her employment had she not
8  taken a FMLA protected leave.
9       30.    Snowden's usage of FMLA leave was used as a factor in reaching the decision to
10 terminate her employment with the DHS.
11      31.    For the foregoing reasons, the DHS has violated Snowden's rights under the
12 FMLA.  In this regard it interfered with her FMLA by making employment decisions because of
13 her leave of absence.  Further, it retaliated against her for utilizing leave in that it made
14 employment decisions that it would not have made had she not taken her leave of absence.
15      32.    In addition to these actions interfering with Snowden's rights under the FMLA,
16 they also were undertaken in retaliation for her exercising her rights under the FMLA.
17      33.    As a result of the foregoing, Snowden has sustained damages.  These damages are
18 in the form of lost wages and benefits that she would have received had her employment not been
19 unlawfully terminated and had she not been passed over for a promotion.
20      Wherefore, Snowden respectfully requests that this Court enter an order finding and
21 providing as follows:
22      1.    An order reinstating Snowden to the position of PSA at the DHS.
23      2.    An order directing the DHS to compensate her for her lost wages resulting from

this mandated leave of absence.

    3.    An award of liquidated damages.

    4.    An award of pre-judgment interest.

    5.    An award of attorney fees associated with bringing this claim.

    6.    Any other order that is just and appropriate.

**Snowden requests a jury trial**

### Count II
*Due Process as to Korza*

34. In her position of employment with the DHS Snowden was protected under the Illinois Personnel Code, which provides that an employee can not be terminated without pay without cause. 20 ILCS 415/11.

35. The Illinois Personnel Code created a property interest for Snowden in her position of employment.

36. On June 21, 2017, Korza made the decision that he was going to terminate Snowden's employment.

37. At the time that Korza made his decision that he wanted to terminate Snowden's employment she had not been notified of any charges against her and had not been afforded any opportunity to respond to any such charges.

38. On July 18, 2017, Korza notified Snowden of the charges against her and advised her that she could respond to those charges at a pre-deprivation hearing on July 19, 2017. For all intents and purposes, the decision to terminate Snowden's employment had been made before the pre-deprivation hearing occurred.

39. Snowden was suspended pending discharge on August 8, 2017, and was

terminated from DHS effective September 6, 2017.

40. Snowden was not afforded any meaningful opportunity to respond to the allegations against her because Korza had already made his decision that he was going to terminate her employment. As such, the July 19, 2017, pre-deprivation hearing was merely a sham.

41. In taking these actions Korza has violated Snowden's rights to procedural due process under the Fourteenth Amendment.

42. As a result of this violation Snowden has sustained both financial and non-financial injuries.

Wherefore, Snowden respectfully requests that this Court enter an order finding as follows:

1. That Korza violated Snowden's rights under the Fourteenth Amendment.
2. Award both economic and non-economic damages.
3. Award punitive damages.
4. Award attorney fees.
5. Equitable relief reinstating Snowden to her former position of employment.

**Snowden requests a jury trial**

                Angelique Snowden

                By: /s/ John A. Baker
                      Her Attorney

John A. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
Telephone:   (217) 522-3445
Facsimile:    (217) 522-8234
Email:        jab@bbklegal.com