IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ANGELIQUE SNOWDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-3017 |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| HUMAN SERVICES and | ) |
| RONALD KORZA, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Before the Court is Defendants Illinois Department of Human Services' ("DHS") and Ronald Korza's Motion for Summary Judgment (d/e 19). Plaintiff has not shown any dispute of material fact, while Defendants have shown that Defendants are entitled to judgment as a matter of law. Accordingly, Defendants' Motion (d/e 19) is GRANTED.

### I.    FACTS

Plaintiff Angelique Snowden was employed by the Illinois Department of Human Services from September 2009 until September 2017. She was employed as a Disability Claims

Adjudicator in the Bureau of Disability and Determination Services ("DDS").  In 2014, she was approved to take leave for the birth of a child under the Family and Medical Leave Act, ("FMLA"), 29 U.S.C. § 2601 et seq.  Plaintiff was again approved for FMLA leave between October 3, 2016 and November 20, 2016 for the same reason.

On October 14, 2016, during her FMLA leave, Plaintiff interviewed for a new position within DDS for which there were four openings.  Plaintiff was asked the same questions as all other interviewees, and her FMLA leave was never mentioned during the interview.  DHS did not offer Plaintiff the position, instead selecting two men and two women for the four available positions.  Each of the four selected employees received the four highest scores from the scoring sheet used to evaluate each interviewee.  Plaintiff scored twelfth out of the nineteen interviewees.

In the spring of 2017, Frank Gardner, Plaintiff's Section Chief notified Ron Korza, Deputy Director of DDS, that a complaint had been filed regarding one of Plaintiff's assigned cases.  Mr. Gardner told Mr. Korza that there was a discrepancy between what Plaintiff had documented as calls to a Social Security applicant and the logged phone calls listed on the phone bill for Plaintiff's phone.  The

records showed that calls Plaintiff claimed had been made to disability applicants had not actually been made, some resulting in the termination of benefits to the applicants. These discrepancies prompted further investigation which revealed 29 instances of falsely documented calls.

In May 2017, while the investigation was being conducted, Plaintiff met with Mr. Korza, Julie Potter, the Division Administrator of Axillary Services, and Marcus Sherrod, Plaintiff's Union Representative. Mr. Korza told Plaintiff about the investigation and that the findings could result in discipline. Plaintiff was also presented with the evidence of the false calls.

Following the investigation, Mr. Korza prepared a memorandum outlining the charges against Plaintiff and sent the memorandum to his supervisor, Quinetta Wade, the Director of the Division of Rehabilitation Services. The memorandum also contained Mr. Korza's recommendation that Plaintiff be discharged from employment at DHS. The final decision to discharge an employee at DHS is left to the DHS Labor Relations Department and, ultimately, the Illinois Department of Central Management Services.

Mr. Korza notified Plaintiff that a pre-disciplinary meeting was scheduled for July 19, 2017. At that meeting, at which Mr. Sherrod was also present, Plaintiff was again presented with evidence and a statement of the charges and was told that Plaintiff could submit a rebuttal. Plaintiff did so on July 28, 2017, objecting to the fact that she did not receive the questions she would be asked at the July 19 meeting prior to the meeting and arguing that the discrepancies were the result of, in her view, and honest mistake.

Nevertheless, Plaintiff was placed on suspension pending discharge on August 8, 2017, and she was discharged from employment effective September 6, 2017. Plaintiff then requested her union file a grievance on her behalf to contest her discharge. But on October 24, 2017, Plaintiff, through her union, agreed to withdraw the grievance and that Plaintiff would resign her position at DHS on September 7, 2017, rather than be discharged. Plaintiff did not submit a resignation by the deadline and was subsequently discharged.

Plaintiff filed a Complaint against Defendants DHS and Ronald Korza on January 29, 2018. In the Complaint, Plaintiff claims her discharge was in violation of the FMLA's anti-retaliation provisions

and in violation of her due process rights under the Fourteenth Amendment. Defendants now move for summary judgment on each of Plaintiff's claims.

## II.   LEGAL STANDARD

Summary judgment is proper if the movant shows that no genuine dispute exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the Court of the basis for the motion and identifying the evidence the movant believes demonstrates the absence of any genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[S]ummary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 901 (7th Cir. 2003).

On that evidence, the Court must determine whether a genuine dispute of material facts exists. A genuine dispute of material fact exists if a reasonable trier of fact could find in favor of the nonmoving party. Carroll v. Lynch, 698 F.3d 561, 564 (7th Cir. 2012). When ruling on a motion for summary judgment, the Court

must construe facts in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. Woodruff v. Mason, 542 F.3d 545, 550 (7th Cir. 2008).

### III.  ANALYSIS

Defendant first moves for summary judgment on Plaintiff's FMLA retaliation claim. The FMLA prohibits employers from retaliating against an employee for exercising, or attempting to exercise, his rights under the FMLA. See 29 U.S.C. §§ 2615(a)(2) & (b); Nicholson v. Pulte Homes Corp., 690 F.3d 819, 825 (7th Cir. 2012). In addition to proving entitlement to FMLA protections, a plaintiff claiming FMLA retaliation must also prove discriminatory or retaliatory intent. Id. (citing Goelzer v. Sheboygan County, Wis., 604 F.3d 987, 995 (7th Cir. 2010)). To survive a motion for summary judgment on a retaliation claim under the FMLA, a plaintiff must submit evidence showing that employer took an adverse employment action against her because she took FMLA leave to which he was entitled. Preddie, 799 F.3d at 819 (citing Lucas v. PyraMax Bank, FSB, 539 F.3d 661, 667 (7th Cir. 2008)).

Defendants argue that Plaintiff cannot establish a causal connection between Defendants' decision to discharge Plaintiff and

Plaintiff's previous approved FMLA leaves. Plaintiff, in response, concedes that "she can not present sufficient evidence of causation on [the FMLA] claims and does not challenge DHS' motion for summary judgment as to Count I." Pl.'s Resp. (d/e 24) p. 1. Because there is no issue of material fact as to DHS' non-liability on Count I, Defendants' Motion (d/e 19) is GRANTED as to Plaintiff's FMLA claim.

Defendants also seek summary judgment on Count II of Plaintiff's Complaint. That Count, brought under 42 U.S.C. § 1983, alleges that Defendants violated Plaintiff's rights to due process under the Fourth Amendment when Defendants terminated her employment.

In the context of a government employer discharging an employee, "[d]ue process requires that the government employer provide a pretermination hearing in which the employee receives notice of the reasons for the prospective termination and has the opportunity to respond to the charges." Greer v. Amesqua, 212 F.3d 358, 367 (7th Cir. 2000). The hearing "need not be elaborate." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985). All that is required is "[t]he opportunity to present reasons, either in

person or in writing, why proposed action should not be taken" in addition to "oral or written notice of the charges against [her], an explanation of the employer's evidence, and an opportunity to present [her] side of the story." Id. at 546. "To require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee." Id.

Defendant argues that Plaintiff's pre-disciplinary meeting satisfied the requirement to afford Plaintiff due process. Plaintiff, in response, argues that she was denied due process in the meeting because, in her view, Mr. Korza was not an impartial decision maker because Mr. Korza had already submitted a recommendation that Plaintiff be discharged prior to the pre-disciplinary meeting.

Here, Plaintiff received two pre-disciplinary meetings. At the first in May 2017, Plaintiff was presented with a statement of the charges against her and supporting evidence. She was then told that further investigation would continue and could lead to discipline. Plaintiff was again presented with a statement of charges and supporting evidence in July 2017. While Plaintiff argues that Mr. Korza's presence at the meeting resulted in a biased

decisionmaker, Plaintiff concedes that Mr. Korza did not make the final decision to discharge Plaintiff, he only made a recommendation which would be considered in light of Plaintiff's written rebuttal. The final decision was left to the DHS Labor Relations Department in consultation with the Department of Central Management Services. Plaintiff was given notice of the charges against her and an opportunity to state her reasons why the recommended discharge should not take place, which she took advantage of. That the ultimate decisionmaker did not agree with her and instead affirmed Mr. Korza's recommendation does not result in a deprivation of due process.

### IV.  CONCLUSION

On the undisputed material facts, the Court finds that Plaintiff was not denied due process when DHS discharged Plaintiff and that DHS did not retaliate against her for taking FMLA leave. Defendants are entitled to judgment as a matter of law on both Counts I and II of Plaintiff's Complaint. Defendants' Motion for Summary Judgment (d/e 19) is GRANTED. The Clerk is DIRECTED to enter judgment in favor of Defendants and against Plaintiff. All

remaining deadlines and settings are terminated.  This case is closed.

**IT IS SO ORDERED.**
**ENTERED: March 25, 2022.**
**FOR THE COURT**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**